IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| V. | § § | Nos. 3:07-cr-313-B & 3:07-cr-327-B |
| BILLY WAYNE FARRIS, | § § § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER REVOKING PREHEARING RELEASE AND ORDERING DETENTION PENDING FINAL HEARING

Defendant Billy Wayne Farris is facing a final supervised release revocation hearing, currently scheduled for January 22, 2026 before Senior District Judge Jane J. Boyle.

On September 22, 2025, the undersigned United States magistrate judge considered releasing Defendant pending the final hearing under 18 U.S.C. § 3143(a)(1), which directs that "the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c)."

In accordance with 18 U.S.C. § 3143(a)(1) and Federal Rule of Criminal Procedure 32.1(a)(6), the Court released Defendant under 18 U.S.C. § 3142(c) pending the final hearing subject to an Order Setting Conditions of Release. *See* Dkt. No. 56 (Case No. 3:07-cr-313-B); Dkt. No. 48 (Case No. 3:07-cr-327-B).

Having been released on such conditions, "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). Under 18 U.S.C. § 3148(b),

> [t]he attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section. To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated.

18 U.S.C. § 3148(b).

Section 3148(b) further provides that the Court "shall enter an order of revocation and detention if, after a hearing, the judicial officer – (1) finds that there is – (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release; and (2) finds that – (A) based on the factors set forth in [18 U.S.C. § 3142(g)], there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of

any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(1)-(2).

But Section 3148(b) further provides that, "[i]f the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly." 18 U.S.C. § 3148; *see also* 18 U.S.C. § 3142(c)(3) ("The judicial officer may at any time amend the order to impose additional or different conditions of release.").

On January 5, 2026, Defendant's supervising probation officer filed a Report of Violation of Conditions of Pretrial Release, in which she reported:

> COMES NOW Veronica Salas, U.S. Probation Officer, presenting a report to the Court upon the conduct of defendant, Billy Wayne Farris, who was placed on pretrial release supervision by the Honorable U.S. Magistrate Judge David L. Horan sitting in the Court at Dallas, Texas, on September 22, 2025, under the following conditions:
> You must not unlawfully possess a controlled substance.
> You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
> Participate in and attend inpatient substance abuse and mental health treatment program at Soul's Harbor.
> The undersigned has information that the defendant has violated such conditions in each of the following respects:
> On September 22, 2025, the defendant appeared before Your Honor for a detention hearing and was released on conditions previously imposed by the Court pending his revocation hearing scheduled for

> November 13, 2025, before the Honorable U.S. District Judge, Jane J. Boyle.
> On November 24, 2025, the defendant left the inpatient substance abuse and mental health program, Soul's Harbor due to meeting a woman, and staying with her in a hotel room for several days. He was not allowed to return to Soul's Harbor for 30 days.
> On January 5, 2026, the defendant reported to the U.S. Probation Office in Dallas, Texas, and admitted orally and in writing to using methamphetamine on or about January 2, 2026. Additionally, the defendant advised that he had adverse reactions and was hospitalized due to the methamphetamine he consumed, also had fentanyl.
> The undersigned suggests to the court that a warrant be issued for the arrest of the defendant, and that a hearing be scheduled for consideration of revocation of the defendant's conditions of pretrial release.

Dkt. No. 63 (Case No. 3:07-cr-313-B); Dkt. No. 56 (Case No. 3:07-cr-327-B).

The Court ordered that a summons be issued and that Defendant appear before this Court to determine whether his conditions of prehearing release should be revoked.

The government filed a Motion to Revoke Supervised Release, in which it asserted that

> the United States of America requests that this Court revoke the supervised release of Billy Wayne Farris.
> On or about September 22, 2025, Farris was placed on pretrial release pending his final revocation of supervised release hearing which is scheduled for January 22, 2026. Farris was released on the following three conditions of supervised release:
> 1. You must not unlawfully possess a controlled substance.
> 2. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least
> two periodic drug tests thereafter, as determined by the court.
> 3. Participate in and attend inpatient substance abuse and mental health treatment program at Soul's Harbor.

>On November 24, 2025, the defendant left the inpatient substance abuse and mental health program, Soul's Harbor, due to meeting a woman and staying with her in a hotel room for several days. He was not allowed to return to Soul's Harbor for 30 days.
>On January 5, 2026, the defendant reported to the U.S. Probation Office in Dallas, Texas, and admitted orally and in writing to using methamphetamine on or about January 2, 2026. Additionally, the defendant advised that he had adverse reactions and was hospitalized due to the methamphetamine he consumed, also had fentanyl.
>The United States respectfully requests that this Court revoke the defendant's supervised release, and that the Court order the defendant to the custody of the Attorney General to serve a sentence as determined by the Court.

Dkt. No. 65 at 1-2 (Case No. 3:07-cr-313-B); Dkt. No. 58 at 1-2 (Case No. 3:07-cr-327-B).

On January 12, 2026, the Court held a hearing on the matter of possible revocation, at which Defendant appeared in person on the summonses and through counsel. The government appeared through an Assistant United States Attorney for the Northern District of Texas.

The Court heard testimony from Probation Officer Salas and a proffer through counsel for Defendant and admitted Defense Exhibit 1 and then heard argument from counsel.

The evidence shows clearly and convincingly that Defendant violated the conditions that he not use prohibited controlled substances and participate in and attend inpatient substance abuse and mental health treatment program at Soul's Harbor. Defendant left the Soul's Harbor program in late November 2025 and has

not returned and then, admittedly, obtained and used methamphetamine at the beginning of January 2026.

The Court appreciates that Defendant would now like to try to return to Soul's Harbor and continue working to maintain sobriety. But the Court finds that, based on Defendant's conduct over the last month-and-a-half, Defendant is unlikely to abide by any condition or combination of conditions of release that the Court could set going forward.

Based on the facts explained above, and the Court's findings based on those facts, the Court grants the government's motion to revoke prehearing release in each case and ORDERS that, under 18 U.S.C. § 3148(b), the Court's Order Setting Conditions of Release in each case is VACATED and Defendant's prehearing release under 18 U.S.C. § 3142 is revoked.

It is ORDERED that Defendant be, and he is hereby, committed to the custody of the Attorney General and United States Marshal pending further proceedings.

It is ORDERED that, while in the custody of the Attorney General and the United States Marshal, Defendant shall be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is ORDERED that Defendant, while being so held, be afforded reasonable opportunity for private consultation with counsel.

It is further ORDERED that, on an Order of a Court of the United States or at the request of the attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with court proceedings.

SO ORDERED.

DATED: January 12, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE